PER CURIAM.
We affirm the order appealed from on the ground that section 958.13(1), Florida Statutes (1985) requires that the records relating to the arrest, etc. of persons adjudicated to be youthful offenders be subject to expunction under the same provisions of law as apply to expunction of records of other adult offenders. Section 943.058, Florida Statutes (1985) provides the basis for the expunction of criminal records and appellant does not qualify for relief because he was adjudicated guilty of the charges stemming from the arrest to which his petition for expunction pertains. § 943.058(2)(b).[1]
AFFIRMED.
UPCHURCH, C.J., and ORFINGER and SHARP, JJ., concur.

. Section 943.058(2) provides, in pertinent part: The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. The courts may order the sealing or expunction of any other criminal history record provided:
******
(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;